# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 4:25-cv-1231 |
| ) | |
| Plaintiff, ) | CHIEF JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| GLOCK GMBH 43, 9MM FIREARM, ) | |
| SERIAL NUMBER AEYD780, AND FIVE ) | |
| ROUNDS OF AMMUNITION SEIZED ON ) | |
| FEBRUARY 5, 2025, ) | |
| ) | |
| Defendants. ) | |

Before the Court is the unopposed motion for default judgment filed by plaintiff the United States of America ("Government") pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. No. 6 (Motion).) The Government seeks judgment in its favor and against Marilyn Campbell ("Campbell"), Alonzo Jackson ("Jackson"), and all other potential parties for their failure to timely answer and file a claim as to the defendant properties, Glock GMBH 43, 9MM Firearm, Serial Number AEYD780, and Five Rounds of Ammunition (collectively, "Defendant Properties") seized on February 5, 2025, and a final order forfeiting the Defendant Properties to the Government. In support of its motion, the Government attaches the affidavit of Assistant United States Attorney Jason M. Katz. (Doc. No. 6-1.) For the reasons stated below, the motion is **GRANTED**.

**I. BACKGROUND**

On June 11, 2025, the Government filed its complaint in forfeiture, seeking forfeiture of the Defendant Properties under 18 U.S.C. § 924(d)(1). (*See* Doc. No. 1.) The complaint alleges the

Defendant Properties' involvement in a knowing violation of, *inter alia*, 18 U.S.C. § 922(g)(1)'s prohibition on felons possessing firearms and ammunition. (*Id.* ¶ 39.) A warrant of arrest *in rem* for the Defendant Properties was issued. (Doc. No. 2.) On July 21, 2025, notices of this action and copies of the complaint were served on Campbell and Jackson. (Doc. No. 6-1 ¶¶ 3, 5.) Notice of this action was also published on an official government forfeiture website for thirty consecutive days. (*Id.* ¶ 8.) The warrant was executed on September 2, 2025. (Doc. No. 3.) Neither Campbell, Jackson, nor any other potential party have answered or claimed interest in the Defendant Properties. The clerk entered default in this action on September 4, 2025. (Doc. No. 5.)

## II. STANDARD OF REVIEW

Procedurally, forfeiture actions are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *See* Fed. R. Civ. P. Supp. R. G. However, the general Federal Rules of Civil Procedure still apply except where inconsistent with the supplemental rules. *See United States v. $64,495.00 in U.S. Currency*, No. 5:13-cv-265, 2014 WL 5432119, at *2 (E.D. Ky. Oct. 27, 2014) (citations omitted); *see also* Fed. R. Civ. P. Supp. R. G(1) ("To the extent that this rule does not address an issue, . . . the Federal Rules of Civil Procedure also apply."). Thus, "[t]he mechanics of Rule 55 of the Federal Rules of Civil Procedure concerning default also apply [to *in rem* forfeiture actions]." *United States v. $23,201.25 in U.S. Currency*, No. 1:11-cv-89, 2014 WL 7272298, at *2 (E.D. Tenn. Dec. 18, 2014).

Rule G imposes notice obligations on the Government. Fed. R. Civ. P. Supp. R. G(4)(a–b). For the public, the Government can satisfy its notice obligation by "publish[ing] notice of the action within a reasonable time after filing the complaint" on "an official internet government forfeiture site for at least 30 consecutive days." Fed. R. Civ. P. Supp. R. G(4)(a). For potential

2

claimants known to the Government, the Government must directly send to the known potential claimants "notice of the action and a copy of the complaint." Fed. R. Civ. P. Supp. R. G(4)(b).

A potential claimant who solely receives a Rule G(4)(a) notice via an official internet government forfeiture site has 60 days to file a claim, and one who receives a Rule G(4)(b) notice has within "the time stated in the direct notice" to file a claim. Fed. R. Civ. P. Supp. R. G(5). A party who fails to timely file a claim in an *in rem* forfeiture proceeding lacks standing to contest the forfeiture. *See United States v. $4,890.00 in U.S. Currency*, No. 2:24-cv-154, 2025 WL 1900981, at *3 (E.D. Tenn. May 22, 2025) (collecting cases), *report and recommendation adopted sub nom.*, 2025 WL 1901342 (E.D. Tenn. July 9, 2025).

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk enters a party's default, the Court may enter default judgment without a hearing but may conduct a hearing if the Court needs to: (1) conduct an accounting; (2) determine the amount of damages; (3) establish the truth of any allegations by evidence; or (4) investigate any other matter. Fed. R. Civ. P. 55(b)(2).

The decision to grant default judgment is within the Court's discretion. *See AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citations omitted). To enter a default judgment, the Court must determine whether the factual allegations in the complaint, deemed admitted by the default, are sufficient to satisfy the elements of the legal claims for which the movant seeks default judgment. *See Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016) (citation omitted). Legal conclusions in the complaint are not deemed admitted

by a defendant's default. *See New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 410 (6th Cir. 2022) (citation omitted).

### III. DISCUSSION

As a preliminary matter, upon review of the complaint, pending motion, and supporting affidavit, the Court finds a hearing on the motion unnecessary. The record before the Court contains sufficient information for the Court to rule on the motion. *See United States v. Columbia 12 Gauge Single-Shot Shotgun*, No. 2:19-cv-93, 2021 WL 341463, at *2 (E.D. Tenn. Jan. 15, 2021) (finding default judgment hearing unnecessary in forfeiture action where filing contained information necessary for court's ruling), *report and recommendation adopted*, 2021 WL 329993 (E.D. Tenn. Feb. 1, 2021).

#### A. Procedural Prerequisites to Default Judgment

The Court is satisfied that the Government met its Rule G(4) notice obligations and that default was properly entered in this case. First, the Government satisfied its public notice obligations by publishing a notice of these proceedings on an official internet government forfeiture site for thirty consecutive days. (Doc. No. 6-1 ¶ 8.) Second, the Government satisfied its notice obligations to known potential claimants Campbell and Jackson by sending them notices of these proceedings and copies of the complaint in July 2025. (*Id.* ¶¶ 3, 5.) Finally, the Government avers, and a review of the docket confirms, that no party has filed a timely claim or answer in these proceedings. (*Id.* ¶¶ 4, 6, 9.) Thus, the clerk properly entered default in this action, and the Court may entertain the Government's motion for default judgment.

**B. Substantive Grounds for Default Judgment**

To enter default judgment, the Court must determine whether the complaint is legally sufficient to state a claim for forfeiture of the Defendant Properties. *See Kwik-Sew Pattern Co. v. Gendron*, No. 1:08-cv-309, 2008 WL 4960159, at *1 (W.D. Mich. Nov. 19, 2008) ("[A] court may not enter default judgment upon a legally insufficient claim." (citations omitted)). The sufficiency of the complaint will be judged under two rubrics: first, under Rule G(2) and, second, under the relevant forfeiture statute, 18 U.S.C. § 924(d)(1).

    *1. Rule G(2)*

Rule G requires a complaint "(a) be verified; (b) state the grounds for subject-matter jurisdiction, *in rem* jurisdiction over the defendant property, and venue; (c) describe the property with reasonable particularity; (d) if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed; (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2).

The Government's complaint *in rem* satisfies the requirements of Rule G(2). The complaint is verified by an Assistant United States Attorney. (Doc. No. 1, at 11.[1]) It sets out grounds for jurisdiction and venue under 28 U.S.C. §§ 1345 and 1355: the plaintiff is the United States of America, the sole claim is one for civil forfeiture, and "the acts giving rise to the forfeiture occurred in this district . . . and the [D]efendant [P]roperties are found in this district." (Doc. No. 1 ¶¶ 1–3.)

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

The complaint, and documents attached thereto, describe the Defendant Properties with reasonable particularity and state their location at the time of seizure and at the time this action was filed. (*Id.* ¶¶ 13, 33; Doc. No. 1-3 (Warrant of Arrest *In Rem*), at 1.) The complaint identifies the applicable forfeiture statute, 18 U.S.C. § 924(d)(1). (Doc. No. 1 ¶ 1.) Finally, as indicated by the analysis below (*infra* § III(B)(2)), the complaint provides sufficiently detailed facts to support the reasonable belief that, had this action gone to trial, the Government could meet its burden. The complaint therefore satisfies Rule G(2).

### 2. 18 U.S.C. § 924(d)(1)

Turning next to the requirements of the applicable forfeiture statute, 18 U.S.C. § 924(d) provides, in relevant part, that firearms and ammunition are subject to forfeiture if they were "involved in or used in any knowing violation of subsection . . . (g) . . . of section 922[.]" 18 U.S.C. § 924(d)(1). The Government alleges that the Defendant Properties were involved in a knowing violation of 18 U.S.C. § 922(g)(1).[2] (Doc. No. 1 ¶ 39.) Section 922(g)(1) "makes it unlawful for any individual 'who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year' to possess a firearm [or ammunition]." *United States v. Greely*, No. 23-1978, 2025 WL 1797223, at *4 (6th Cir. June 30, 2025) (quoting 18 U.S.C. § 922(g)(1)).

The complaint alleges that Jackson was previously convicted of aggravated robbery (Doc. No. 1 ¶ 14), a first-degree felony carrying a maximum sentence of 11 years under Ohio law. *See* Ohio Rev. Code §§ 2911.01, 2929.14. It was thus unlawful for Jackson to possess the Defendant

---

[2] The complaint alleges various other violations of relevant law. However, § 924(d) only requires that Defendant Properties be involved in the violation of one of the statutes enumerated in § 924(d). Thus, because the Court finds that the Defendant Properties were involved in knowing violations of 18 U.S.C. § 922(g)(1), the Court need not address the remaining violations alleged in the complaint.

Properties under § 922(g)(1). The complaint alleges that Jackson knowingly possessed the Defendant Properties on at least two occasions—once to take a photo of the properties (Doc. No. 1 ¶ 28) and once to affix an accessory to the Defendant Properties. (*Id.* ¶ 30.) These allegations sufficiently establish that the Defendant Properties were involved in—and indeed were the subject of—a knowing violation of § 922(g)(1). *See United States v. Smith*, No. 24-1193, 2025 WL 1203189, at *8 (6th Cir. Apr. 25, 2025) (affirming conviction under 18 U.S.C. § 922(g)(1) where evidence indicated defendant briefly possessed firearm at least once). Having been involved in a knowing violation of 18 U.S.C. § 922(g)(1), the Defendant Properties are subject to forfeiture under 18 U.S.C. § 924(d).

The Government has thus met its burden. It established its compliance with the applicable procedural requirements, and it established that its complaint states a legally sufficient claim for forfeiture under Rule G and 18 U.S.C. § 924(d).

IV. **CONCLUSION**

Accordingly, it is ordered:

1. The United States of America's motion for default judgment (Doc. No. 6) against Marilyn Campbell, Alonzo Jackson, and all other persons who have failed to file a verified claim or answer in this matter with respect to the Defendant Properties, a Glock GMBH 43, 9MM Firearm, Serial Number AEYD780, and Five Rounds of Ammunition seized on February 5, 2025, is **GRANTED**.

2. The Defendant Properties, a Glock GMBH 43, 9MM Firearm, Serial Number AEYD780, and Five Rounds of Ammunition seized on February 5, 2025, are hereby forfeited to the United States of America and shall be disposed of in accordance with the law.

**IT IS SO ORDERED**.

Dated: September 18, 2025

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**